**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CHERYL RIVERA**                                                                                    **PLAINTIFF**

**V.**                                                                                    **NO. 1:25-CV-066-RPC-RP**

**STEEL DYNAMICS COLUMBUS, LLC**                                                       **DEFENDANT**

**<u>ORDER OF DISMISSAL</u>**

Now before this Court is the Defendant's Motion to Dismiss, For Fees, Costs, and Other Relief [40]. Basically, the Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 37(d), Federal Rule of Civil Procedure 41(b) and/or the Court's inherent authority as a sanction for the repeated failure of Plaintiff to respond to discovery and abide by the orders of the court directing various actions of the Plaintiff including responding to the discovery in question. The Court has reviewed the Motion [40] and finds it to be well-taken. Therefore, the Motion [40] is **GRANTED**. This matter is hereby **DISMISSED with prejudice**.

1. This lawsuit has been pending since May 2025. The Defendant propounded its only discovery requests in July 2025. To date, they have not been answered.

2. A recital of Rivera's failure to abide by discovery rules, rules of procedure and court orders are as follows:

    a. On November 5, 2025, Plaintiff's former counsel filed an Unopposed Motion for Leave to Withdraw as Counsel [24]. The basis for the motion was that the "Plaintiff has been non-responsive when requested by her counsel to provide the information necessary to answer interrogatories and requests for production of documents propounded by Defendant on August 11, 2025."

1

b. The United States Magistrate Judge entered an Order Granting Motion to Withdraw [25] on November 21, 2025. The court directed Plaintiff, on or before December 22, 2025, to either have substitute counsel enter an appearance or file a notice indicating that she intends to proceed *pro se* or does not intend to prosecute the case further. The Plaintiff was warned, in bold type, "that failure to comply with Orders of this court may result in sanctions, up to and including dismissal of the case, as failure to comply with this Order or other Orders may lead to a presumption that she has chosen not to proceed with this case."

c. Rivera did nothing.

d. Rather than recommend dismissal, on February 9, 2026, the United States Magistrate Judge entered a Show Cause Order [28]. Noting the Plaintiff's lack of action, the Court reiterated its prior admonition and gave Rivera until February 23, 2026 to show cause as to why her case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff was warned that if she failed to respond and show cause, "this action will be dismissed."

e. On the deadline date, Plaintiff filed a letter [31] purporting to explain her deficiencies and asking for an extension of the current court date scheduled for July 2026. In the letter, she assured the Court of her intentions to prosecute the case. The court, by Order dated February 25, 2026, interpreted the letter as a request for a continuance of the July 27, 2026 trial date and a confirmation of her desire to proceed *pro se* [32]. In said Order, the United States Magistrate Judge again declined to recommend dismissal but noted that "further noncompliance with the court's orders and deadlines will not be tolerated."

f.  On April 1, 2026, the undersigned entered an Order Granting Motion for Continuance [34], continuing the trial date from July 27, 2026 until October 26, 2026.

g.  On April 2, 2026, the United States Magistrate Judge entered an Order Extending Scheduling Deadlines [36] which reset the general discovery deadline to June 12, 2026. The Order did not address the outstanding discovery requests.

h.  By minute entry dated May 7, 2026 [39], Plaintiff was ordered to "provide full and complete responses to defendant's written discovery requests by May 15, 2026. . . ."

i.  Rivera did nothing.

j.  On June 3, 2026, the Defendant filed this present motion [40]. Included with the motion, as Exhibit 2, is a copy of correspondence from Defendant to Plaintiff following the April 1, 2026, Order Granting Motion for Continuance [34] attempting to obtain compliance from the Plaintiff.

k.  The general discovery deadline of June 12, 2026, came and went.

l.  Rivera did nothing.

m.  Plaintiff's response to this motion was due on June 17, 2026.

n.  Rivera did nothing.

3.  The Plaintiff has failed to abide by the rules of discovery despite multiple court orders directing her to do so. The Plaintiff has filed to prosecute her case by taking no affirmative action whatsoever which includes her failure to answer the Defendant's discovery requests. Plaintiff has further declined, with the exception of her correspondence filed on February 23, 2026, to give any explanation (much less a good faith reason) for her failings.

3

4. Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party, after being properly served with notice, fails to answer interrogatories and requests for production, the court may order sanctions. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). The available sanctions incorporate those listed in Rule 37(b)(2)(A), which include striking pleadings, dismissing the action in whole or in part, or rendering a default judgement against the disobedient party. *See* Fed. R. Civ. P. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(i-vi)). "District Courts have broad discretion in determining whether to impose a sanction under Rule 37, and, if so, what sanction to impose." ***SEC v. First Fin. Grp. of Tex., Inc.***, 659 F.2d 660, 664-65 (5th Cir. 1981). Sanctions under this rule must be both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." ***Law Funder, L.L.C. v. Munoz***, 924 F.3d 753, 758 (5th Cir. 2019) (quoting ***Compaq Comput. Corp. v. Ergonome Inc.***, 387 F.3d 403, 413 (5th Cir. 2004)). Yet "[o]ur caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty' sanctions)." ***Id.*** As such:

> [T]he district court must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudice[d] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect."

***Id.*** at 758-59 (quoting ***FDIC v. Conner***, 20 F.3d 1376, 1380-81 (5th Cir. 1994)).

5. Rule 41(b) of the Federal Rules of Civil Procedure allows the Defendant to move to dismiss the case when the plaintiff fails to prosecute, comply with discovery rules, or obey Court Orders. *See* Fed. R. Civ. P. 41(b). Rule 41(b) allows dismissal with prejudice "only where there is 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" ***Gates v. Strain***, 885 F.3d 874, 883 (5th Cir. 2018) (quoting ***Morris v. Ocean Sys., Inc.***, 730 F.2d 248, 251 (5th Cir. 1984)).

4

"Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." ***Berry v. CIGNA/RSI-CIGNA***, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) (collecting cases); *see also **Morgan v. Am. Ins. Co.***, 759 F. App'x 255, 257-58 (5th Cir. 2019).

6.   Apart from Rule 37 and Rule 41, federal courts possess inherent authority to manage their proceedings and sanction litigants who abuse the process. ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 43-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).  Sanctions under the Court's inherent power require a finding of bad faith or willful misconduct. ***Id.***

7.   Dismissal with prejudice is a harsh sanction.  However, Rivera's actions, or lack thereof, have earned it under each rule.  The actions were that of Rivera, not counsel. The lack of action was willful and part of a pattern of delay as evidenced by the repeated opportunities which she was given to comply.  The violations have substantially prejudiced the defendant as set forth in their motion and as is clear from the face of the docket. The Defendant is staring down an October 26, 2026, trial setting with no discovery responses and, clearly, no way to force Rivera to provide them.

8.   Great weight appears to be placed on attempting a lesser sanction before dismissal. That has been done.  Lesser sanctions "include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, *and explicit warnings*." ***Thrasher v. City of Amarillo***, 709 F.3d 509, 514 (5th Cir. 2013) (emphasis added); *see also **Nottingham v. Warden, Bill Clements Unit***, 837 F.3d 438, 442-43 (5th Cir. 2016).  Rivera has been warned that her failure to comply with court orders could result in dismissal. [25, 28], as well as being warned that her actions would not be tolerated [32]. She has disregarded several court orders and directives [25, 36, 39].  Then, for the *piece de resistance*, she declined to respond to this motion.

9. As relates to other sanctions mentioned, other than explicit warnings, Rivera has already detailed her financial situation [31] which would make imposition of monetary sanctions (i.e. assessments of fines, costs or damages) ineffective. As relates to conditional dismissal or a dismissal without prejudice, the Plaintiff's actions make it clear that such a sanction would be an exercise in futility. She will not abide by court orders now. Starting over will not help the process.

10. The Defendant has asked for fees and costs. Should that still be their position, they may file a separate motion with the appropriate documentation attached within **fourteen (14) days** of this order. The court retains jurisdiction over this issue only.

IT IS THEREFORE ORDERED that the above styled and numbered cause is hereby **DISMISSED with prejudice**. Any additional request for fees and costs, if so desired, shall be made by separate motion within **fourteen (14) days** of this Order.

SO ORDERED, this, the 24th day of June, 2026.

_Robert P. Chamberlin_
**UNITED STATES DISTRICT JUDGE**

6